IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CASSI GILBERT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:16-CV-00869-M |
| | § | |
| KROGER TEXAS, L.P., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION & ORDER**

Before the Court is Plaintiff's First Amended Complaint and Motion for Remand [Docket Entry #4]. Defendant filed a Response to the Motion to Remand on May 19, 2016 [Docket Entry #6]. Plaintiff has not filed a Reply. For the reasons stated below, the Motion to Remand is **DENIED**.

I.   **BACKGROUND**

Plaintiff filed her Original Petition, alleging claims for negligence and premises liability, in the 162nd District Court of Dallas County on February 12, 2016, and served Defendant on February 29, 2016. Defendant removed the case on the basis of diversity jurisdiction on March 29, 2016. The Original Petition stated that the action sought monetary relief in excess of $100,000. Original Pet. ¶ 4. In her First Amended Complaint and Motion for Remand, Plaintiff says she seeks damages not to exceed $74,999.99, and that remand is appropriate because the amount in controversy is thus less than $75,000 [Docket Entry #4 at ¶¶ 1, 6].

II.   **ANALYSIS**

District courts generally may hear a case only if it involves a question of federal law or if complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. Here, the sole basis for federal jurisdiction is

1

diversity.

Plaintiff alleges diversity jurisdiction no longer exists, because she purported to limit her recovery to less than $75,000 in her First Amended Complaint. It is well established that jurisdiction is determined as of the moment of removal. *Jones v. Compass Bancshares Inc.*, 339 F. App'x 410, 411 (5th Cir. 2009); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995). If the plaintiff's petition, "filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, ___ U.S. ___, 135 S. Ct. 547, 551 (2014) (quoting 28 U.S.C. § 1446(c)(2)). Therefore, as the Fifth Circuit has made clear, "[a]n amendment to the complaint limiting damages for jurisdictional purposes cannot divest [a court of] jurisdiction." *Allen*, 63 F.3d at 1336.

Plaintiff's Original Petition, the operative pleading at the time of removal, stated that the action sought monetary relief in excess of $100,000. Original Pet. ¶ 4. Plaintiff's post-removal attempt to limit her recovery is insufficient to divest this Court of jurisdiction. *Jones*, 339 F. App'x at 411 (upholding denial of a motion to remand where, at the time of removal, Plaintiff's complaint sought $100,000, despite Plaintiff's post-removal amended complaint alleging damages below $75,000). Therefore, the Motion to Remand is **DENIED**.

Further, Plaintiff's filing does not meet the requirements for a pleading. It is unsigned, in violation of Federal Rule of Civil Procedure 11. Plaintiff has not corrected the signature omission, although the Clerk of Court contacted Plaintiff regarding the error on April 29, 2016. If Plaintiff does not correct the signature omission by July 15, 2016, the First Amended Complaint will be stricken.

### III.   CONCLUSION

For these reasons, the Motion to Remand is **DENIED**.  Further, if Plaintiff does not correct the signature omission by **July 15, 2016**, her First Amended Complaint will be **STRICKEN**.

**SO ORDERED.**

July 1, 2016.

_____
**BARBARA M. G. LYNN**
**CHIEF JUDGE**